UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KEITH ALLISON, *et al.*,

    Plaintiffs,

v.

JUDGE L.R. SUKO, U.S. District Court for the Eastern District of Washington, JUDGE EDWARD F. SHEA, U.S. District Court for the Eastern District of Washington; JUDGE JAMES L. ROBART, U.S. District Court for the Western District of Washington, JUDGES STEPHEN S. TROTT, W. FLETCHER and JOHNNIE B. RAWLINSON, for the 9th Circuit Court of Appeals at San Francisco, and their marital estates,

    Defendants.

NO. CV-10-3031-RHW

**ORDER DISMISSING COMPLAINT, WITH PREJUDICE**

On June 14, 2010, Plaintiffs filed a *pro se* complaint and naming six federal judges as Defendants (Ct. Rec. 1). Plaintiffs allege that these Defendants have violated their constitutional and/or common law rights to earn a living at their chosen occupation of the practice of denturitry.

Plaintiff Keith Allison is no stranger to civil litigation. In December, 2006, Plaintiff Keith Allison and others sued the American Dental Association (ADA) in the Western District of Washington for interfering with their right to practice denturism. The complaint was dismissed for failure to state a claim. In November, 2008, Plaintiff Keith Allison and others filed a complaint in the Eastern District of Washington, alleging the same claim. Judge Shea granted the ADA's Motion to

**ORDER DISMISSING COMPLAINT, WITH PREJUDICE** ~ 1

Dismiss, in part and ultimately dismissed the action with prejudice after Plaintiff Reuben Johnson failed to file an amended complaint as directed. On October 21, 2009, Judges Trott, Fletcher, and Rawlinson of the Ninth Circuit Court of Appeal denied Plaintiffs' petition for mandamus relief. In April, 2010, Plaintiff Keith Allison filed a complaint naming Judge Shea, Judge Robart, Judge Trott, Judge Fletcher and Judge Rawlinson, alleging that these Defendants refused to rescind "illegal orders" and abused the power of the bench by aiding and/or abetting the further denial of Plaintiffs' constitutional/common law rights to earn their living at their chosen occupation and access to due process. Judge Suko dismissed the complaint with prejudice. He found that Plaintiffs had failed to comply with procedural rules. Judge Suko also denied Plaintiffs' Motion to add a claim for Obstruction of Justice and Misprison of Felony.

On June 14, 2010, Plaintiff Keith Allison and others filed this instant action, adding Judge Suko as a Defendant, as well as the other previously named judges. As with the previous filings, Plaintiffs' complaint fails to meet the procedural requirements. The Complaint fails to set forth the necessary specific facts to give notice to any of the Defendants as to the nature of the allegations against them. Moreover, judges are entitled to broad absolute judicial immunity from damages actions for judicial acts taken within the jurisdiction of their courts. *Forrester v. White*, 484 U.S. 219, 225 (1988); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. *Id.* Plaintiffs have not alleged any facts. Consequently, there is nothing in the complaint that would indicate that Defendants were being sued for an act that is not judicial in nature. As Judge Suko explained, a party cannot sue a judicial officer outright merely because an unfavorable decision is handed down.

Plaintiff Keith Allison has been given numerous opportunities and directions regarding the requirements for civil litigants. He has chosen to ignore the

**ORDER DISMISSING COMPLAINT, WITH PREJUDICE** ~ 2

opportunities given to him by the courts to file an adequate complaint.

The Court dismisses Plaintiffs' complaint with prejudice. Moreover, Plaintiff Keith Allison has demonstrated an inability to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Washington, notwithstanding numerous opportunities in which the Court provided guidance in order to assist him to do so. As a result of his inability to comply with the Court's directives regarding adequate pleadings, substantial judicial resources have been expended. Consequently, it is necessary to restrict Plaintiff's ability to file pleadings in the Eastern District of Washington.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' complaint is **DISMISSED,** with prejudice.

2. The District Court Executive shall not accept any subsequent filings in the above-captioned case, except for a notice of appeal.

3. The District Court Executive shall not accept any filings presented to the Eastern District of Washington by Keith Allison, without prior permission from the Court.

4. Plaintiffs' Motion for Judge Whaley to take Judicial Notice of Plaintiff's Statement (Ct. Rec. 17) is **DENIED**, as moot.

5. Plaintiffs' Motion for Warrant for Arrest and Confinement of Defendant U.S. District Court Judges (Ct. Rec. 13) is **DENIED**, as moot.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 16th day of July, 2010.

*s/Robert H. Whaley*

ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2010\Allison\dismiss.wpd

**ORDER DISMISSING COMPLAINT, WITH PREJUDICE ~ 3**